## SAMUEL L. FORGAY *v.* EDWIN J. FERGUSON.

Where an ordinance of the city of Lafayette, under which a contract for paving was made, allowed five per cent to be recovered from the persons assessed after default, and the Legislature subsequently passed an act allowing eight per cent, only five per cent can be recovered on that contract.

APPEAL from the District Court of Jefferson, *Clark*, J. *W. H. Hunt*, for plaintiff. *A. W. Jourdan*, for defendant. The judgment of the court (*Eustis*, C. J., being absent,) was pronounced by

PRESTON, J. The plaintiff sues the defendant for one-third of the cost of the pavement of Magazine street, in front of the defendant's property. The plaintiff did the work in pursuance of a contract with the city of Lafayette, made on the 30th of April, 1846. The contract was made by authority of acts of the Legislature, passed in 1844, 1843 and previously, and in pursuance of ordinances of the City Council of Lafayette, approved the 5th of March, and 16th and 23d of April, 1846, which were given in evidence. Three objections are made to the payment of the plaintiff's demand.

1st. That the contract was never complied with. The work was accepted by the city, and the evidence satisfies us that the defendant has no just cause of complaint, as to its execution.

2d. That the plaintiff was not subrogated to the rights of the city of Lafayette, and cannot sue in his own name for the claim. The contract between the plain-

tiff and the city of Lafayette, expressly declares, that "the said *Forgay* shall
have the right, under the authority of the city council, to collect from the differ-
ent owners of property, in front of which paving shall be done, their proportion
of the cost of paving and curb-stone." There was the same provision in the
ordinance under which the work was done, and the proper officers of the corpo-
ration approved and delivered the bills to the plaintiff.

The defendant lastly complains, that eight per cent interest was allowed by the
judgment, while the act of 1843, and ordinance of the 5th of March, 1846, under
which the contract was made, allows but six per cent interest. The plaintiff
relies upon the act of the 29th of April, 1846, which allows eight per cent inter-
est on the contracts for public works in the city of Lafayette. This law was
passed after the ordinance under which the contract was made, and must have
been published subsequently to the making of the contract. It cannot therefore,
effect or add to the contract. C. C. art. 8.

The judgment is erroneous, as to the interest, and is so far reversed, at the
costs of the appellee; but is otherwise affirmed, with six per cent interest, from
the 23d of May, 1849, until the amount of the judgment is paid.